UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONEL BONIFACIO SUAZO *and* EDWIN AREVALO RAMOS

                Plaintiffs,

– against –

OCEAN NETWORK EXPRESS (NORTH AMERICA), INC., DANESI U.S.A., INC., *and* GENESIS GLOBAL SOLUTIONS CORP.,

                Defendants.

---

DANESI U.S.A., INC.,

                Third-Party Plaintiff,

– against –

SAVEMA S.P.A.,

                Third-Party Defendant.

**OPINION & ORDER**

20-cv-2016 (ER)

---

RAMOS, D.J.:

      Ronel Bonifacio Suazo and Edwin Arevalo Ramos brought this negligence action against Ocean Network Express (North America), Inc. ("Ocean Network"), Danesi U.S.A., Inc. ("Danesi"), Genesis Global Solutions Corp. ("Genesis"), and Savema S.P.A. ("Savema"). Suazo and Ramos were seriously injured while unloading a shipment of marble slabs which the defendants had allegedly secured improperly. Savema moved for summary judgment, which the Court granted in part and denied in part on March 2, 2023. Doc. 65. Specifically, the Court held that there was a "genuine factual dispute as to whether the method used to package the marble slabs" contributed to Suazo and Ramos' injuries. Doc. 65 at 20. Savema now moves for reconsideration of this issue. For the reasons set forth below, the motion is DENIED.

I.  BACKGROUND

   A.  Factual background

The Court assumes familiarity with the facts and procedural history set forth in its previous opinion.  *See* Doc. 65.  Briefly, third-party defendant Savema is an Italian company that sells marble.  Doc. 56 ¶ 3.  Jasmine Lam, an interior decorator, entered into a contract with Savema to purchase fourteen marble slabs.  Doc. 56-3 at 6; Doc. 53 ¶ 9.  These slabs were delivered to Colonna Marble, Inc. ("Colonna Marble"), a company which Lam had hired to cut the slabs and to deliver them to a jobsite.  Doc. 57-11 at 49:23–25.  Colonna Marble is located in New York.  Doc. 33 ¶ 59.

In order to fulfill Lam's order, Savema entered into a maritime bill of lading in which Danesi, an ocean transportation intermediary, arranged for the shipment of the slabs from Italy to New York and, once in New York, for door delivery to Colonna Marble.  Doc. 50-2 ¶ 3; Doc. 56-4 at 1.  According to their contract, Savema was responsible for the safe loading of the cargo into an ocean shipping container prior to turning the container over to an ocean carrier at the port of La Spezia, Italy.  *Id.*; *see also* Doc. 15 ¶ 14.

Fourteen marble slabs, arranged in two bundles of seven and separated by a wooden rack system, were shipped in a 20-foot shipping container.  Doc. 53 ¶¶ 10–11.  Each individual slab of marble weighed approximately 900 pounds.  *Id.* ¶ 8.  On July 3, 2019, Suazo and Ramos, employees of Colonna Marble, were unloading the slabs at the Colonna Marble warehouse.  Doc. 33 ¶ 59, 145; Doc. 53 ¶ 39.  A Colonna Marble officer, Jose Andres Martinez, directed Suazo to saw through the wooden rack system that was supporting the slabs.  Doc. 59 ¶¶ 30–31.  Martinez also directed Suazo and Ramos to hold the bundle of slabs in case the slabs moved while the wood beams were being cut away.  *Id.* ¶ 32.  After Suazo removed two of the three wood beams supporting the slabs, the bundle of slabs became unstable, falling on Suazo and partially on Ramos.  *Id.* ¶¶ 34–38.  Both men were severely injured.  Doc. 33 ¶¶ 79, 81.

### B. Procedural History

Suazo and Ramos bring a common law negligence claim and claims pursuant to §§ 200, 240, and 241(6) of the New York Labor Law ("NYLL"). Doc. 1-1. Ocean Network removed this case from New York state court on March 6, 2020. Doc. 1. Danesi, one of the original defendants, brought a third-party complaint against Savema on December 30, 2020. Doc. 15. Savema filed its answer on May 18, 2021. Doc. 28. Suazo and Ramos then filed an amended complaint on June 14, 2021, asserting cross claims against Savema. Doc. 33.

Savema moved for summary judgment on March 10, 2022, Doc. 52, which the Court granted in part and denied in part on March 2, 2023, Doc. 65. The Court granted Savema's motion for summary judgment on the NYLL §§ 200, 240 and 241(6) claims,[1] Doc. 65 at 10, 11–12, but denied the motion on the common law negligence claim. *Id*. at 20. The Court explained that "there is a genuine factual dispute as to whether the method used to package the marble slabs in the shipment contributed to [Suazo and Ramos]'s

---

[1] Section 200 of the NYLL states:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.

NYLL § 200(1). Section 240 of the NYLL states:

> All contractors and owners and their agents, . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

NYLL § 240(1). Section 241(6) of the NYLL states:

> All contractors and owners and their agents . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: . . . All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

NYLL § 241(6).

3

injuries." *Id*. Finding that "a reasonable jury could return a verdict" for Sauzo and Ramos on this issue, *id*., the Court accordingly denied Savema's motion for summary judgment on this claim.

As a separate matter, the Court noted that Suazo and Ramos "raise in their opposition, for the first time . . . a failure to warn claim against Savema." *Id*. at 8. Because new claims cannot be brought in opposition to a motion for summary judgment, the Court declined to consider this argument in its analysis. *Id*. (citing *Cooney v. Consol. Edison*, 220 F. Supp. 2d 241, 253 (S.D.N.Y. 2002), *aff'd*, 63 F. App'x 579 (2d Cir. 2003)).

The Court also denied Savema's motion to exclude Joseph McHugh's expert report, presented by Suazo and Ramos as a rebuttal to Savema's expert report. The Court found that McHugh was sufficiently qualified to testify as an expert and that his report did not improperly raise new legal issues beyond the scope of a rebuttal report. Doc. 65 at 23. The McHugh expert report concluded, in part, that that because Savema "fail[ed] to warn and/or instruct as to how to extricate the marble slabs safely[,] industry practice and norms were not followed." Doc. 57-2 at 2.

On March 16, 2023, Savema moved for reconsideration pursuant to Local Civil Rule 6.3. Doc. 66. Savema asks the Court to grant its motion for summary judgment seeking dismissal of the common law negligence claim. Doc. 67 at 2.

## II.  LEGAL STANDARD

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is "not

a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

### III.   DISCUSSION

Savema argues that reconsideration is warranted because there are no material facts from which a jury could infer that Savema's packaging of the marble slabs could have led to Suazo and Ramos' injuries. Doc. 67 at 4–5. As a preliminary matter, Savema does not identify an intervening change of controlling law or new evidence. Accordingly, the only remaining bases for granting reconsideration are to correct clear error or to prevent manifest injustice. *Kolel Beth Yechiel Mechil*, 729 F.3d at 104.

Savema's arguments are not persuasive. As the Court explained in its prior opinion, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free School Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citations omitted).

Suazo and Ramos alleged that Savema's improper packaging, loading, or securing of the slabs and "failure to provide proper access to the marble" caused their injuries. Doc. 33 ¶¶ 126, 203. In response, Savema provided evidence that it packaged the slabs in accordance with standard industry practices.[2] Suazo and Ramos disputed whether Savema followed these practices, *see* Doc. 65 at 20, 25, and additionally argued

---

[2] *See,* Doc. 49-10 at 3 (OSHA Bulletin on unloading stone slabs which depicts a method of packaging stone slabs similar to Savema's); Doc. 57-10 at 1–2 (training video shown to Colonna Marble employees after the accident which likewise depicts a method of packing stone slabs that is similar to Savema's); Doc. 49-3 at 5–6 (Martin Davis expert report describing that the marble slabs were "packaged consistent with industry practice").

that even if Savema was compliant with them, it did not establish, "as a matter of law," that Savema escaped liability for negligence. Doc. 58 at 5.

Accordingly, the Court found that there was a factual dispute between the parties regarding whether Savema's method of "packag[ing] the marble slabs in this shipment contributed" to Suazo and Ramos' injuries. Doc. 65 at 20. Because the Court concluded that a reasonable jury could return a verdict for Suazo and Ramos on this issue, the factual dispute was also genuine. *Id*. (citing *Senno*, 812 F. Supp. 2d at 467). Thus, summary judgment as to the common law negligence claim was not justified.

Savema nonetheless argues that Suazo and Ramos' allegations regarding the packaging of the slabs are "boilerplate," and do not allege any specific facts. Doc. 67 at 4. However, at the summary judgment stage, Savema, as the moving party, had the burden of showing that no genuine factual dispute existed. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Moreover, the McHugh expert report made a specific finding that the packaging did not adequately "warn and/or instruct" how to safely remove the slabs. Doc. 57-2 at 2.

Savema next raises a variety of arguments regarding permissible factual inferences, which are addressed together. First, Savema argues that the only logical inference from the facts is that Colonna Marble's alteration of the wood beams supporting the slabs caused Suazo and Ramos' injuries, Doc. 67 at 5. Second, Savema argues that because Colonna Marble allegedly "substantially changed" the condition the slabs were transported in while removing the wooden rack system, no competing inferences can be drawn. *Id.* at 6 (citing *Robinson v. Reed-Prentice Div. of Package Mach. Co.*, 49 N.Y.2d 471, 403 N.E.2d 440 (1980)). Finally, Savema argues that "[a]n inference that [it] was negligent despite [allegedly] providing a container framed in accordance with standard industry practices" would contradict other New York state negligence cases. Doc. 67 at 6–7.

Here, all of Savema's arguments concern what inferences can be deduced from the facts. Indeed, whether Savema's packaging comported with standard industry practices is an example of one such inference. However, the "drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007). *See also Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 238 F. Supp. 3d 314, 340 (N.D.N.Y. 2017) ("Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment . . . the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury.").

Finally, Savema, for the first time in its reply, asks the Court to reconsider its denial of Savema's motion to exclude Joseph McHugh's expert report. Doc. 71 at 4. Savema claims that the only issue in dispute in the McHugh expert report is about Savema's alleged failure to provide instructions or warnings on how to safely unload the slabs. *Id*. According to Savema, "[t]his is precisely the claim that the Court rejected when it held that the untimely failure-to-warn claim could not go forward." *Id.*

The Court declines to grant reconsideration on this issue. As a general rule "arguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Accordingly, the Court need not consider this issue in deciding the motion for reconsideration. But even on the merits, Savema is mistaken that the Court's previous opinion barred a negligence theory based on failure to warn. The Court merely declined to consider the failure to warn claim because the claim was raised for the first time in opposition to the motion for summary judgment, which is improper. Doc. 8 at 25 (citing *Cooney*, 220 F. Supp. 2d at 253); *see also Brandon v. City of New York*, 705 F. Supp. 2d 261, 278 (S.D.N.Y. 2010) ("It is black letter law that a party may not raise new claims for the first time in opposition to summary judgment."); *Casseus v. Verizon N.Y., Inc.*, 722 F. Supp. 2d 326, 344 (E.D.N.Y. 2010) ("[C]ourts generally do not

consider claims or completely new theories of liability asserted for the first time in opposition to summary judgment.").

Savema's arguments fail to show how the Court's denial of summary judgment on the common law negligence claim or its inclusion of the McHugh expert report constitute clear error or manifest injustice, as required for it to succeed on its motion for reconsideration.

## IV.   CONCLUSION

For the reasons set forth above, Savema's motion for reconsideration is DENIED. The parties are directed to appear via telephone for a status conference on January 30, 2024, at 10:30 am.  The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.  The Clerk of Court is respectfully directed to terminate the motion, Docs. 66 and 67.

It is SO ORDERED.

Dated:   January 5, 2024
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.

8